IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GREENWAY CENTER, INC.,** : | **No. 3:04cv79** |
|         **Plaintiff** : | |
| : | **(Judge Munley)** |
|        **v.** : | |
| : | |
| **COLONY INSURANCE COMPANY, and** : | |
| **ANNETTE MAIONE, Individually and as** : | |
| **ADMINISTRATOR OF THE ESTATE OF** : | |
| **MARK WILLET** : | |
|         **Defendant** : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

**MEMORANDUM**

Before the court for disposition are motions for summary judgment filed by Defendant Colony Insurance Company (hereinafter "defendant" or "Colony") and Plaintiff Greenway Center, Inc. (hereinafter "plaintiff" or "Greenway"). The matter is fully briefed and thus ripe for disposition.

**Background**

Plaintiff Greenway Center, Inc. was in business as an alcohol and drug detoxification center in 1997. On June 23, 1997, Mark Willet was admitted to Greenway for treatment. On June 24, 1997, he died.

In 1999, Annette Maione, individually and as the administrator of the estate of Mark Willet, filed suit against Greenway in the Monroe County Court of Common Pleas. She claims that Greenway was negligent in providing alcohol and drug detoxification services to Mark Willet. We shall refer to this case as "the underlying state court action."

In 2002, Colony entered into General Commercial Liability Insurance Policy Number AP504684 (hereinafter "the Policy") with Winco Acquisitions d/b/a Greenway Center. The coverage period under the Policy was March 13, 2002 to March 13, 2003. (Def. Ex. B, Common Policy Declarations, pg. C00001). It was the first policy issued by Colony to Greenway. Id.

The instant declaratory judgment action was filed on December 19, 2003 in the Court of Common Pleas of Monroe County. Defendant Colony removed the case to this court on January 13, 2004. The complaint seeks a declaration that Defendant Colony must indemnify and defend plaintiff in the underlying state court action. Plaintiff also seeks attorney's fees and costs. The period for discovery has expired and the parties have filed cross motions for summary judgment.

**Jurisdiction**

This court has jurisdiction pursuant to the diversity jurisdiction statute, 28 U.S.C. § 1332. The plaintiff is a Pennsylvania corporation with a principal place of business in Henryville, Pennsylvania, and Defendant Colony is a corporation with a principal place of business in Richmond Virginia. (Doc. 1, Notice of Removal at ¶ 3 - 4). Defendant Annette Maione is a resident of and domiciled in the State of New Jersey. (Id. at ¶ 5). Because we are sitting in diversity, the substantive law of Pennsylvania shall apply to the instant case. Chamberlain v. Giampapa, 210 F.3d 154, 158 (3d Cir. 2000) (citing Erie R.R. v. Tompkins, 304 U.S. 64, 78 (1938)).

**Standard of review**

Granting summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. See Knabe v. Boury, 114 F.3d

407, 410 n.4 (3d Cir. 1997) (citing FED. R. CIV. P. 56(c)). "[T]his standard provides that the mere existence of <u>some</u> alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no <u>genuine</u> issue of <u>material</u> fact." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247-48 (1986) (emphasis in original).

In considering a motion for summary judgment, the court must examine the facts in the light most favorable to the party opposing the motion. <u>International Raw Materials, Ltd. v. Stauffer Chemical Co.</u>, 898 F.2d 946, 949 (3d Cir. 1990). The burden is on the moving party to demonstrate that the evidence is such that a reasonable jury could not return a verdict for the non-moving party. <u>Anderson</u>, 477 U.S. at 248 (1986). A fact is material when it might affect the outcome of the suit under the governing law. <u>Id.</u> Where the non-moving party will bear the burden of proof at trial, the party moving for summary judgment may meet its burden by showing that the evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry the non-movant's burden of proof at trial. <u>Celotex v. Catrett</u>, 477 U.S. 317, 322 (1986). Once the moving party satisfies its burden, the burden shifts to the nonmoving party, who must go beyond its pleadings, and designate specific facts by the use of affidavits, depositions, admissions, or answers to interrogatories showing that there is a genuine issue for trial. <u>Id.</u> at 324.

**Discussion**

As noted above, this case calls upon the court to make a declaratory judgment involving insurance contract coverage. Plaintiff seeks to have Colony provide a defense to the underlying state court action as well as to indemnify it. Plaintiff also seeks costs and attorney's fees. We will first discuss the extent of Colony's duty to defend and indemnify and then we will address the issue of costs and attorney's fees.

**I. Defense and Indemnification**

With regard to the interpretation of insurance contracts, Pennsylvania law provides:

> [T]he task of interpreting [an insurance] contract is generally performed by a court rather than by a jury. The goal of that task is, of course, to ascertain the intent of the parties as manifested by the language of the written instrument. Where a provision of a policy is ambiguous, the policy provision is to be construed in favor of the insured and against the insurer, the drafter of the agreement. Where, however, the language of the contract is clear and unambiguous, a court is required to give effect to that language.

Madison Construction Co. v. Harleysville Mutual Ins. Co., 735 A.2d 100 (Pa. 1999) (quoting Gene & Harvey Builders v. Pennsylvania Mfrs. Ass'n., 517 A.2d 910, 913 (Pa. 1986)).

When interpreting an insurance contract, the court must consider the parties' intent as manifested by the clear language of the instrument. When that language is clear, its terms must be applied as written. Kleban v. National Union Fire Ins. Co. of Pittsburgh, 771 A.2d 39, 43-44 (Pa. Super. Ct. 2001).

In the instant case, neither party argues that the insurance policy is ambiguous. The policy provides: "We will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which the insurance applies" (Def. Ex. B, Commercial General Liability Coverage Form, Coverages A. and B., Pg. No. C00018.). The policy limits the injuries to which it applies as follows:

> b. This insurance applies to "bodily injury" and "property damage" only if:
>
> (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";
>
> (2) The "bodily injury" or "property damage" did not occur before the Retroactive Date, if any, shown in the Declarations or after the end of the policy period; and
>
> (3) A claim for damages because of the "bodily injury" or "property damage" is first made against any insured, in accordance with paragraph c. below, during the policy period or any Extended Reported

4

>> Period we provide under the EXTENDED REPORTING PERIODS (Section V).
>
>> c. A claim by a person or organization seeking damages will be deemed to have been made at the earlier of the following times: (1) when notice of such claim is received and recorded by any insured or by us, whichever comes first (2) when we make settlement in accordance with paragraph 1.a above.

Def. Ex. B, the Policy at C00018.

Plaintiff asserts that under paragraph "c" the policy covers the incident at issue because it did not receive notice of the claim until an order was issued by the judge in the underlying state court action on October 20, 2002.[1] Plaintiff asserts that because it received notice in October 2002, the insurance applies as the policy period is March 13, 2002 until March 13, 2003.

Defendant Colony attacks plaintiff's position as merely isolating one part of the policy - that the claim must be made during the policy period - and emphasizing that requirement over the other requirements of the policy, which have not been met. After a careful review, we are in agreement with the defendant.

The policy provides three prerequisites for coverage. The occurrence for which coverage is sought must have occurred within territorial limits and temporal limits, that is it cannot have occurred before the Retroactive Date. In addition, the claim must have been made at a certain time. The conjunctive "and" is used between these requirements indicating that they all must be met for coverage to be appropriate under the policy. Plaintiff evidently meets the first and third requirement, but not the second, that the occurrence for which coverage is sought cannot have occurred before the Retroactive Date.

---

[1] The details of this order are unimportant for our analysis.

According to the policy, the Retroactive Date is March 13, 2002. (Def. Ex. B, Commercial General Liability Coverage Part Declarations, Pg. No. C00009). The section of the policy that provides the Retroactive Date reiterates that the insurance does not apply to bodily injury or property damage that occurred before that date. Id. In the instant case, the bodily injury at issue, the death of Mark Willet, occurred on June 24, 1997, almost five years prior to the Retroactive Date. Because the occurrence date is several years prior to the Retroactive Date, coverage is not available to the plaintiff. Declaratory judgment, is therefore appropriate for Defendant Colony.

**II. Attorney's Fees and costs**

Plaintiff also moves for summary judgment on its claim for attorney's fees and costs. Summary judgment shall be granted to the defendant on this issue.

Plaintiff asserts that when an insurer has acted in bad faith, attorney's fees and costs can be collected. In the instant case, however, we have found that the insurer has not duty to indemnify or defend the plaintiff. Therefore, Colony did not act in bad faith when it denied coverage to the plaintiff and an award of attorney's fees and costs is not appropriate.

**Conclusion**

For the foregoing reasons, summary judgment will be granted to Defendant Colony. Colony has no duty to defend or indemnify the plaintiff in the underlying state court action. An appropriate order follows.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **GREENWAY CENTER, INC.,** | : | **No. 3:04cv79** |
| **Plaintiff** | : | |
| | : | **(Judge Munley)** |
| v. | : | |
| | : | |
| **COLONY INSURANCE COMPANY, and** | : | |
| **ANNETTE MAIONE, Individually and as** | : | |
| **ADMINISTRATOR OF THE ESTATE OF** | : | |
| **MARK WILLET** | : | |
| **Defendant** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## ORDER

**AND NOW**, to wit, this 30th day of June 2005, it is hereby ordered as followed:

1) The plaintiff's motion for summary judgment (Doc. 21) is hereby **DENIED**;

2) The motion for summary judgment filed by Colony Insurance Company (Doc. 25) is hereby **GRANTED**. Plaintiff is not entitled to coverage under Colony Insurance Company policy number AP504684 in the form of a defense and/or indemnification for claims alleged in the Monroe County Pennsylvania Court of Common Pleas case <u>Annette Maione, Individually and as Administrator of the Estate of Mark Willet v. Greenway Center, Inc. as successor in interest to Winco Acquisitions, Inc.</u>, No. 4776 CV 1999; and

3) The Clerk of Court is directed to close this case.

                                               **BY THE COURT:**

                                               **s/ James M. Munley**
                                               **JUDGE JAMES M. MUNLEY**
                                               **United States District Court**